JOHN EDWIN ARTILLE, a minor, by Hazel Victoria Hudson, next friend and guardian, v. JOHN DAVIDSON and EMPLOYERS LIABILITY ASSURANCE CORPORATION.

170 So. 707.

Division B.

Opinion Filed November 18, 1936.

*J. Tom Watson,* for Plaintiff in Error;

*McKay, Macfarlane, Jackson & Ramsey,* for Defendants in Error.

BUFORD, J.—The plaintiff in error sued the defendants in error and the judgment was on demurrers sustained to an amended declaration.

The plaintiff's cause of action was based upon injuries alleged to have been received in an automobile accident. The automobile which is alleged to have caused the injury

was owned by John Davidson and was then being operated by his granddaughter, with his knowledge and consent. The declaration states a good cause of action against John Davidson. It is not necessary for us to discuss the original declaration. The amended declaration is in two counts in each of which counts the plaintiff declared against John Davidson as owner of the automobile and against the Employers Liability Assurance Corporation but in its allegations in regard to the Employers Liability Assurance Corporation, which will hereinafter be referred to as the Insurance Company, it was nowhere alleged that the Insurance Company had any interest in or any control over defendant's automobile or that it in anywise whatsoever participated in the alleged tort. The Insurance Company is made a party to the suit and declared against because, as it is alleged, it was insurer of John Davidson "against automobile collision liability and has issued to said assured an automobile liability and indemnity policy of insurance that is now and was on January 31, and February 4, 1935, in full force, in which it contracted and agreed to settle or defend against claims resulting from the liability imposed upon the insured by law for damages arising out of personal injuries resulting from bodily injuries accidentally sustained by any person as a result of the operation of said automobile of the defendant on public streets or highways."

The insurance policy is not attached to or made a part of the declaration but the plaintiff's right to maintain this action is based solely upon the theory that a certain automobile while being operated on the public highway inflicted an injury upon the plaintiff; that the injury was inflicted by reason of negligence in the handling of the said automobile and that the owner of the automobile at the time was the holder of a contract of insurance issued to him wherein the

insurer agreed to "settle *or* defend" (emphasis supplied) against claims resulting from the liability imposed upon the assured by law.

The plaintiff in error has cited many Florida cases in his brief, but we think none of them are applicable to the question here involved. In this case we have a declaration sounding in tort as to one defendant and *ex contractu* as to the other defendant. No privity is shown between the plaintiff and the insurer. No allegations appear in the declaration sufficient to show that the insured at the time this action was brought was in position to maintain a suit against the insurer. There is no breach of contract alleged. It is not shown that this contract of insurance was a contract for the benefit of third parties but, from the allegations of the declaration, it appears to have been a contract of indemnity for the benefit of the insured only, and, measuring the contract by the allegations of the declaration, no right would accrue to the insured to maintain suit aginst the insurer until there had been a breach of the contract. The allegations of the declaration are such as to lead to the conclusion that if under facts contemplated by the insurance policy a suit has been instituted against the insured and thereupon the Insurance Company had defended that suit, it would have thereby discharged its obligation because the declaration alleges that the Insurance Company agreed to do either one of two things, either to settle claims or defend claims, and if this was the contract, then when the Insurance Company, being called upon to do so, defended a suit instituted within the purview of the terms of the policy, it would have thereby discharged its obligation. If, as counsel contends, the real party at interest may maintain his suit under any circumstances, and it is the contention here that the plaintiff may maintain this suit as the real

party at interest under the contract of insurance, it does not follow that a third party being the real party at interest may maintain a suit before conditions are such that the suit could be maintained by the contracting party. In other words, if there has been no breach of the contract which would create in the insured the present right to maintain an action on the policy, such right can not accrue to anyone else by reason of having a claim against the insured.

Plaintiff in error has relied on the cases of Devoto v. United Auto Transportation Co., Inc., *et al.*, 128 Wash. 604, 223 Pac. 1050, and Hayes v. Staples, *et al.*, 129 Wash. 436, 225 Pac. 417. These cases have no application here because the decisions therein are based upon statutes which require transportation companies to procure liability and property damage insurance or a surety bond on each motor vehicle used by them, and provides that persons riding in an automobile colliding with a vehicle operated by such company may join the insured as a defendant in their actions for resulting injuries. We have no statute of this sort which applies to automobiles owned by individuals for private use.

Plaintiff in error also relies upon the case of American Automobile Ins. Co., *et al.*, v. Struwe (Tex. Civ. Ap.), 218 S. W. 534. This case appears to support the contention of the plaintiff in error but it also appears to be based upon some fixed principles applied in Texas which have not been applied in Florida. It will be found that in all those cases in Florida where the third party has been permitted to maintain suit against the insurer, such right was based either upon a contract between the insurer and the insured plus a contract between the insured and the party maintaining the suit, or in cases where the statute gives the injured party the right to maintain the suit against the insurer of the

party responsible for the injury, or in cases where judgment has been rendered against the insured and the insured has failed to pay the judgment, in which cases the judgment became equivalent to a contract and brought about privity between the plaintiff holding the judgment and the insurer liable to the insured for the payment of such judgment. Neither condition exists in this case.

We hold that it was unnecessary to join Hazel Victoria Hudson as guardian. The suit should have been instituted by John Edwin Artille, a minor, by Hazel Victoria Hudson, next friend. The addition of the words "and Guardian" may be treated as surplusage and stricken.

We hold that the order sustaining the demurrer was without error. The judgment should have been conditioned upon the failure of the plaintiff to further amend the declaration by eliminating therefrom the Insurance Company as a party defendant within a reasonable time fixed in such judgment. The judgment should now be so modified and, when so modified, should be affirmed.

The plaintiff in error should be allowed ten days from the date of the Order modifying the judgment in which to file an amended declaration in compliance with the views expressed in this opinion.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.