**JONES et al. v. UNITED STATES FIDEL-ITY & GUARANTY CO. et al.**

District Court, N. D. Florida, Gainesville Division.

July 2, 1937.

Fielding & Duncan, of Gainesville, Fla., for plaintiffs.

Baxter & Clayton, of Gainesville, Fla., for defendants.

LONG, District Judge.

The plaintiffs, Mary Etta Jones and W. R. Jones, filed suit in the circuit court of Alachua county, Fla., in January, 1937. The United States Fidelity & Guaranty Company as well as one Edith C. Allen, as administratrix of the estate of Bundy Allen, deceased, were parties defendant. As to the defendant Edith C. Allen, as administratrix, no damages were sought, consequently she was not a necessary party to this action. On the 27th of April, 1937, the cause was removed to the District Court of the Northern District of Florida on the theory that no relief was sought against Edith C. Allen, administratrix, and, therefore, became a controversy wholly between citizens of dif-

ferent states. The case is now before this court on demurrer to the declaration and motion for compulsory amendment.

This action can be nothing more than a suit upon a contract of insurance, and in the construction of the contract, the whole contract must be considered and not certain clauses or fragmentary parts.

The clause with reference to bodily injury liability is: "To pay on behalf of the assured all sums which the assured shall become obligated to pay as damages by reason of liability imposed upon him by law and arising out of bodily injury, including death at any time resulting therefrom, (herein called bodily injury), actually sustained by any person or persons if caused by the ownership, maintenance or use of the automobile."

There is another provision of the policy known as the bankruptcy or insolvency clause, which is as follows: "Bankruptcy or insolvency of the assured shall not relieve the company of any of its obligations hereunder. Any person or his legal representative who shall obtain final judgment against the assured because of any such bodily injury or property damage, and whose execution against the assured is returned unsatisfied because of such bankruptcy or insolvency, may proceed against the company under the terms of this policy to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto. Nothing in this policy shall give to any person or persons claiming damages against the assured any right of action against the company except as in this paragraph provided."

The no action clause contained in the policy is as follows: "No action either brought by the assured or any other person shall lie against the company to recover for any loss alleged to be covered under agreements A or B of Section I until the amount of such loss is made certain, either by final judgment against the assured after trial of the issue or by agreement with the person or persons making claim against the assured, nor in any event unless suit is instituted within two years after the date of such judgment or agreement." In other words, the insurance company has obligated itself to pay on behalf of the assured such sums of money as the assured shall be obligated to pay as damages by reason of liability imposed upon him by law when the amount of such damage is made certain, either by

final judgment or by agreement with the person claiming such damage against the assured.

The last utterance of the Supreme Court of Florida in cases of this character is found in the opinion rendered November 18th, 1936, in the case of Artille v. Davidson, 170 So. 707, 708. In this case the insured as well as the insurer were made parties defendant. The court held that the declaration sounded in tort as to one defendant and ex contractu as to the other defendant with no privity shown between the plaintiff and the insurer. As to the right of the third party to bring the suit, the court says: "If, as counsel contends, the real party at interest may maintain his suit under any circumstances, and it is the contention here that the plaintiff may maintain this suit as the real party at interest under the contract of insurance, it does not follow that a third party being the real party at interest may maintain a suit before conditions are such that the suit could be maintained by the contracting party. In other words, if there has been no breach of the contract which would create in the insured the present right to maintain an action on the policy, such right cannot accrue to any one else by reason of having a claim against the insured." Counsel for plaintiff relies to some extent upon the case of American Surety Company of New York v. Smith (American Surety Company v. Decatur Iron & Steel Company), 100 Fla. 1012, 130 So. 440. This was a case in which a contractor as principal and American Surety Company as surety executed an indemnity bond to the owner, Gainesville Development Company, as obligee. The condition of the bond was, among other things, to promptly make payments to all persons supplying labor and material in the prosecution of the work provided for in the contract, as provided by section 3533 of the Revised General Statutes of Florida (Comp.Gen.Laws Fla.1927, § 5397). One of the parties furnishing material sued the bond company and the Court held that a third party may maintain an action on the contract, even though he be a stranger to the consideration. In such a case, if the former parties choose to treat the beneficiary as a primary party in interest, they recognize him as a privy in fact to the consideration and promise. So, in this case the materialmen, payment for whose material was provided in the bond, were in privity, whereas in the case at bar there is no privity between the plaintiff in this case and the parties to the insurance contract.

 Upon the authority of the Florida case, Artille v. Davidson, 170 So. 707, case of Ohio Casualty Insurance Company v. Beckwith (C.C.A.) 74 F.(2d) 75, Kuntz et al. v. Spence et al. (Tex.Com.App.) 67 S.W. (2d) 254, and authorities cited in these cases, the court sustains the demurrer to the declaration, and having sustained the demurrer, the motion for compulsory amendment is overruled.