211 So.2d 593 (1968)
Elizabeth Reiff BUSSEY, Appellant,
v.
Frances Ruth Bennett SHINGLETON and Nationwide Mutual Insurance Company, an Ohio Corporation, Appellees.
No. J-14.
District Court of Appeal of Florida. First District.
June 6, 1968.
Rehearing Denied July 9, 1968.
Leo L. Foster and Seymour H. Rowland, Jr., of Parker, Foster & Madigan, Tallahassee, for appellant.
Helen C. Ellis of Keen, O'Kelley & Spitz, Tallahassee, for appellees.
JOHNSON, Judge.
This is an appeal from a final order of the Circuit Court of Leon County, striking all those portions of the complaint joining Nationwide Mutual Insurance Company as a party defendant to this cause and dismissing said Nationwide as a party to the cause.
There was an automobile accident wherein the appellant, who was plaintiff below, alleged in her complaint, that she was stopped in her lane of traffic behind a long line of traffic when the appellee Shingleton, one of the defendants below, ran into the back of appellant's automobile, doing property damage and physical damage to the plaintiff. The merits and demerits of this phase of the complaint is not before us at this time, as the case had not been tried when this appeal was taken.
In the complaint, the appellant further alleged that at the time of the accident, Nationwide Mutual Insurance Company, named as a codefendant with Shingleton, the insured, "had in full force and effect a policy of liability insurance written to cover said automobile of the defendant, Frances Ruth Bennett Shingleton, the owner and operator thereof, for injuries and property damages received in a single accident." This was not an indemnity policy, but a liability policy and so stipulated by the parties.
*594 The complaint further alleged in substance that said insurance policy insured the defendant Shingleton against liability because of bodily injuries and property damages sustained and due to the operation of said automobile; that said policy was written in favor of third persons who might suffer damages by virtue of the operation of said automobile, and that by virtue thereof, at the moment the accident occurred, the insurance policy inured to the benefit of the plaintiff (appellant).
The trial court granted the motion of the defendant (appellee) Shingleton to strike those portions of the complaint which had the effect of making the appellee Nationwide Mutual Insurance Company a party defendant, and of its own motion dismissed Nationwide from the cause.
In granting said motion and entering its order dismissing Nationwide as a party defendant, the court pointed out that it was "rejecting the plaintiff's contention that F.R.C.P. Rule 1.210(a) Florida Rules of Court, 1967 [30 F.S.A.], permits joinder of the defendant's insurance carrier as a party in a negligence case arising out of an automobile accident."
It is from this order, this appeal is taken.
Plainly stated, the question before this court is whether or not F.R.C.P. Rule 1.210(a), permits the joinder of an insurer under a liability insurance policy, as a party defendant, along with the insured, in an action for damages from alleged negligent operation of the insured automobile by the insured owner?
The trial court answered this question in the negative.
We feel that this question poses one of great importance still, although it has heretofore been treated by this court, by one or more of our sister District Courts of Appeal and by our Supreme Court.
From the previous cases from the above courts, it would appear that the trial court was correct in its order dismissing the insurance company as a defendant; but we feel that a new look should be taken into this question because of events happening subsequent to the decisions mentioned above, and subsequent legislative enactments and apparent changes in public policy.
We now have in the Supreme Court's files, briefs of insurance companies in Florida Supreme Court Case #35,524, wherein the insurance companies admit they are the real party in interest in cases involving their respective insureds. This admission we have not had before when the courts considered this question as outlined below. Whether the defendant, Nationwide Mutual Insurance Company, is such a real party in interest in the case sub judice or not, appears to us to be a question of fact to be determined from evidence submitted to a jury, and if it appears that said defendant is a real party in interest, then said defendant is properly made a defendant within the terms of F.R.C.P. Rule 1.210 (a), and if not a real party in interest then said defendant's attorneys would be engaged in unauthorized practice of law as prohibited by the Canons of Legal Ethics.
Closely allied in this question is the question of the unauthorized practice of law as defined in the Canons of Ethics of the Florida Bar, and with particular references to "house counsel" of insurance companies and "salaried counsel" of insurance companies defending damage suits for insured patrons of the insurance companies.
We are immediately confronted with the earlier decisions in which it has been held that the plaintiff could not combine in one action a cause sounding in tort against one defendant with a cause sounding in contract against another defendant.[1]
We are also confronted with the holding that there is no privity between the insurance carrier and the third party damaged *595 by an insured,[2] but consider the admissions referred to supra in Supreme Court Case #35,524.
The theory has been advanced also, that to allow the inclusion of the insurance company as a defendant, or to even let it be known to the jury that the party defendant is insured, renders the same prejudicial to the rights of the defendant. (If the insurance company is obligated to pay any damage assessed against the insured, how, then is the insured hurt by such prejudice if in fact such does exist?)
This prejudice theory has been somewhat dispelled, however, by the results shown in Wisconsin, where by statute a direct action is allowed against the insurance company, by the fact that the jury verdicts tended to be lower where the insurance company was made a party.
Let's pause here and read Rule 1.210(a), F.R.C.P., as follows:
"(a) Parties Generally. Every action may be prosecuted in the name of the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another of a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendant, and when any one refuses to join, he may for such reason be made a defendant."
We see in said rule the provision that "any person may be made a defendant who has or claims an interest adverse to the plaintiff."
In 1966, the Florida Bar petitioned the Supreme Court for an additional rule to the rules governing conduct of attorneys, being designated in said court as Case No. 35,524, referred to supra. This proposed rule would have precluded a lawyer who was employed by a lay agency, personal or corporate, [including liability insurance carriers] in the scope of his employment, from rendering legal services to or for persons other than his employer. Very able lawyers argued this matter before the Supreme Court and very persuasive briefs were filed in support of and against the Florida Bar's petition for the new rule. It is the admissions made by the eminent counsel in their briefs, opposing the adoption of the rule, which attract our attention as having a bearing upon the question involved in the case sub judice. We think these open admissions in and to the Supreme Court as to the "direct financial interest" of the insurer, and the fact that there is "an identity and community of interest in the defense of any suit brought against the insured," are sufficient to warrant not only this court, but the other courts of this state to re-examine this question in the light of these admissions. Is not the insurer the real party in interest? Who will bear the burden of judgment and the costs of defense? The very able attorney, Mr. Raymond Ehrlich, in his brief filed on behalf of Liberty Mutual Insurance Company, in the Supreme Court Case #35,524 supra, [which brief was adopted by reference in the brief filed by the appellant herein] alleges this to be a fact and that by reason thereof the insurer obviously needs the right to control the defense of a suit.
Admittedly, these statements so found in the briefs above mentioned, do not have the force of precedent law, but we do believe *596 them to be very persuasive of the fact that the insurer is the real party in interest, and "has or claims an interest adverse to the plaintiff," and certainly these briefs constitute an admissible type of evidence which should be heard by the jury.
Some states have now recognized the insurer as being a proper party for direct action. Insurance of automobiles has become a requirement by law in many states, and in fact most states today have either a mandatory requirement for insurance ab initio, or after a first accident, so that we do not feel that the old bugaboo of prejudice is applicable any more. Practically all juries know there is a strong probability of insurance and an able plaintiff's attorney has many legitimate ways of indirectly getting across to a jury that there is insurance.
If the insurer has such an interest in the case brought against his insured, that it is authorized to defend or settle with or without the consent of the insured, as in the case sub judice, whether there is such breach of contract as mentioned in Artille v. Davidson et al., 126 Fla. 219, 170 So. 707 (Fla. 1936), or not, is immaterial in the light of the language of Rule 1.210(a).
The insurance company, by the terms of its policy has placed itself in the position that it has the right to control litigation against its insured, if there is a possibility, no matter how slight, of said insurance company incurring any liability as a result of said litigation, and by the same contract of insurance has obligated itself to defend the litigation, no matter how frivolous. Therefore, if the insurance company by the very nature of its contract of insurance has injected itself into the litigation as a real party in interest, then it should not be heard to deny the right of the plaintiff to point this out in a complaint for damages against an insured where it is known that such insurance policy does in fact exist.
Some, if not all policies contain an express provision similar to that in the case sub judice, to the effect that "this policy shall not give any right to join the company in any action to determine the liability of an insured person of organization," but we do not feel that a party, corporate or otherwise, can by such provision preclude proper legal action being brought against it, if the facts warrant an action.
We may also take judicial cognizance that the insurance companies today seek out, and usually, retain as their legal representatives, some of the recognized better lawyers of the state and as a result thereof, often times the injured party, who may be indigent or at least in less fortunate financial circumstances than the insurance company, is compelled to accept lesser able counsel or agree to larger contingent fees for this representation; therefore, if the insurer is going to furnish the costs of the defense and furnish counsel of its choice, and be liable for any resulting assessment of damages, then how can we honestly say that the insurance company does not have such interest adverse to that of the plaintiff that the insurance company can be brought out into the open as a real party in interest?
We feel that today there is a difference in the insurance required, calling for a different view from that heretofore, held by our courts. We feel it is time that our courts adopt a construction of the Rule to conform to that which is necessary to see the carrying out of justice. We must remember, there is no statutory law prohibiting the making of the insurer a defendant. It is case law and we may by case law change the rule to mete out justice. Such liability policies, as the one in this case is admitted to be, in view of the mandatory statutorial requirements for liability insurance in minimum specified amounts, and the demand therefor by public policy, and the injection of the insurance company as an interested party, by the policy itself, we think should be construed as quasi-third party beneficiary contracts, thereby giving the injured third party an unquestionable right to join such maker of such insurance policy as a party defendant. This may be accomplished by legislative act, but can *597 be accomplished by what we believe to be a proper construction of Rule 1.210(a), F.R.C.P. to include as a party defendant just those whom the Rule says: "Any person who has or claims an interest adverse to the plaintiff." If the insurance company is defending in behalf of itself and its insured, then there can be no question that said insurance company has an interest in the law suit, nor can there be any question but that such interest is adverse to that of the plaintiff.
We have referred to certain portions of briefs filed in the Florida Supreme Court in Case No. 35,524 wherein it was pointed out that the attorneys representing and employed by the insurance company were not guilty of unauthorized practice of law, as prohibited by the Canons of Legal Ethics because said attorneys were defending the rights of their clients, insurance companies, who had a real interest therein. If this be true, and we think it is, then we are confronted face on with the language of the Rule. So, either the insurance company attorney is guilty of violating the Canons of Ethics (which we do not think to be so) or their real clients, the insurance companies, are real parties in interest and should properly be made parties defendant to the action.
In this case the trial court held that inasmuch as by granting the motion to strike of the defendant Shingleton as to those portions of the complaint making Nationwide a party defendant, he would of his own motion strike Nationwide's answer and motion for judgment on the pleadings, but that if the matter was properly before the court, the court would grant the plaintiff's motion to strike the first and second defenses of the defendant, Nationwide Mutual Insurance Company's answer.
The complaint alleged facts, which if true, and we think and so hold, made Nationwide a proper party defendant. These allegations raise a question of fact which we think requires the taking of evidence and testimony to sustain or refute.
Therefore, we hold that the trial court was in error in granting the motion to strike and in dismissing Nationwide Mutual Insurance Company as a party defendant and the order appealed from is Reversed and the case remanded with directions for further proceedings consistent herewith.
WIGGINTON, Chief Judge, and SPECTOR, J., concur.
NOTES
[1] Artille v. Davidson, et al., 126 Fla. 219, 170 So. 707 (Fla. 1936).
[2] 29A Am.Jur., Insurance § 1485 (1960) and Thompson v. Safeco Insurance Company of America, 199 So.2d 113 (Fla.App. 4th, 1967).