367 So.2d 1003 (1978)
Norma Jean MARKERT, Petitioner,
v.
James Louis JOHNSTON and Allstate Insurance Company, Respondents.
Margaret Ingram, Appellant,
v.
Anna ROSNER and Liberty Mutual Insurance Company, Appellees.
James L. O'QUINN and State Farm Insurance Company, Petitioners,
v.
Charles THOMPSON, Respondent.
No. 52591, 53632 and 52577.
Supreme Court of Florida.
December 21, 1978.
Rehearing Denied February 16, 1979.
W. Dexter Douglass of Douglass, Powell & Davey, Tallahassee, for petitioner in Case No. 52591.
Ford L. Thompson of Thompson, Wadsworth, Messer, Turner & Rhodes, Tallahassee, for respondents, in Case No. 52591.
Robert Orseck of Podhurst, Orseck & Parks, Miami, for Academy of Florida Trial Lawyers, amicus curiae.
David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, Fla., for appellant in Case No. 53632.
John C. Taylor, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, Fla., for appellees in Case No. 53632.
John E. Mathews, Jr. and Stephen E. Day of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, Fla., for petitioners in Case No. 52577.
Robert F. Spohrer of Zisser & Robison, Jacksonville, Fla., for respondent in Case No. 52577.
*1004 Robert Orseck of Podhurst, Orseck & Parks, Miami, Fla., for Academy of Florida Trial Lawyers; and W.O. Birchfield and William A. VanNortwick, Jr. of Martin, Ade, Birchfield & Johnson, Jacksonville, Fla., for American Insurance Association, amici curiae.
ENGLAND, Chief Justice.
These consolidated cases present for our consideration the singular legal issue of whether Section 627.7262, Florida Statutes (1977), is constitutional.[1] That statute prohibits the joinder of a motor vehicle liability insurer as a defendant in a lawsuit brought against its insured. The statute reads as follows:
(1) No motor vehicle liability insurer shall be joined as a party defendant in an action to determine the insured's liability. However, each insurer which does or may provide liability insurance coverage to pay all or a portion of any judgment which might be entered in the action shall file a statement, under oath, of a corporate officer setting forth the following information with regard to each known policy of insurance:
(a) The name of the insurer.
(b) The name of each insured.
(c) The limits of liability coverage.
(d) A statement of any policy or coverage defense which said insurer reasonably believes is available to said insurer filing the statement at the time of filing said statement.
(2) The statement required by subsection
(1) shall be amended immediately upon discovery of facts calling for an amendment to said statement.
(3) If the statement or any amendment thereto indicates that a policy or coverage defense has been or will be asserted, then the insurer may be joined as a party.
(4) After the rendition of a verdict, or final judgment by the court if the case is tried without a jury, the insurer may be joined as a party and judgment may be entered by the court based upon the statement or statements herein required.
(5) The rules of discovery shall be available to discover the existence and policy provisions of liability insurance coverage.
The specific question crystallized by the multiple briefs in these cases[2] is whether the joinder of a motor vehicle liability insurer is a "procedural" aspect of trial reserved to the rulemaking authority of the Supreme Court by Article V, Section 2(a) of the Florida Constitution,[3] in which case the statute has impermissibly encroached on a prerogative of the judiciary,[4] or a "substantive" right which the legislature can freely grant to or withhold from this class of litigants. The distinction between those two concepts is, as we know, neither simple nor certain. To understand what the statute endeavors to accomplish, it is necessary to recount the course of joinder prohibitions in Florida's jurisprudence.
Prior to the enactment of Section 627.7262, the joinder of insurance companies in tort litigation had been exclusively a concern of the judiciary. Until 1969, the Court barred either joinder or mention of insurers *1005 in tort suits.[5] In that year, the Court recognized in Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), as a matter of public policy, that insurers are the real parties in interest in lawsuits against their insured tortfeasors, and it authorized a right of direct action against them.[6] The statute now before us is the first legislative attempt to affect this issue.[7] It is characterized by its proponents as an attempt to return the public policy of the state to its status before Shingleton.
The dispute in this case centers largely on whether the Court in Shingleton established a substantive right[8] to sue insurers by adding them to the class of litigants within the then existing "real party in interest" rule of procedure,[9] in the absence of a legislative act on the subject. Admittedly, language in Shingleton's majority and dissenting opinions, and in subsequent cases, both support and refute this position. It is not essential to our decision, however, that we resolve that issue, since the plain language of Section 627.7262 makes that unnecessary. It provides rather clearly that the joinder of insurers is merely a procedural step in the conduct of a motor vehicle tort lawsuit.[10]
Subsection 627.7262(1) prohibits the joinder of insurers at the commencement of suit, as a general matter. It also requires the insurer, at the very outset of the litigation, to file a sworn statement setting forth detailed information concerning each insurance policy and any policy or coverage defenses which the insurer believes to be available. Subsection 627.7262(3) permits joinder of the insurer as a party if the sworn statement indicates that a defense has been or will be asserted. Then, subsection 627.7262(4) allows joinder in all cases following the rendition of a verdict or entry of a final judgment.
It is abundantly clear that, by enacting the law, the legislature has not altered the Shingleton policy of recognizing insurers as the real parties in interest in this type of litigation. This statute merely specifies the precise moment during the judicial proceeding when a motor vehicle liability insurer may be formally recognized as the real party in interest. That moment may be at any *1006 early point in the litigation, if policy or coverage defenses may be asserted, or at a later point, after the issue of liability has been resolved. The insurer is joinable in either case, which is consistent with Shingleton.
Examining the logic of this late joinder opportunity reinforces this conclusion. Plainly, the late formal entry of the insurer is not equatable with the initiation of a new lawsuit against the insurer. The object and the effect of subsection 627.7262(4) is precisely the opposite  to assure by the required filing of a statement and the early enunciation of potential defenses that the resources of the insurer will be available to pay the insured's judgment liability without effecting a new service of process or establishing the insurer's contract responsibility in a distinct judicial proceeding. Late joinder also accommodates the correlative benefit to the insurer of obtaining a judgment against the injured plaintiff if the trial exonerates the insured of responsibility. The legislature obviously sought to guarantee by a single trial either the collectibility of the plaintiff's judgment or the discharge of both the insurer and the insured. Since judgments are generally enforceable (without additional or collateral proceedings) only against parties to a lawsuit, intra-litigation joinder was the only mechanism which would provide that guarantee.[11] The timing of joinder during the course of a trial is, without question, a matter of practice or procedure assigned by the Constitution exclusively to this Court.
We hold that Section 627.7262, Florida Statutes (1977), is an invasion of this Court's rulemaking authority, in violation of Article II, Section 3, of the Florida Constitution, and therefore invalid. The certified question in Markert v. Johnston is answered accordingly; the decision of the trial court in Ingram v. Rosner is reversed; and our writ of certiorari issued to the trial court in O'Quinn v. Thompson is granted, approving the decision of the trial court. These cases are remanded to the respective courts for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, SUNDBERG and HATCHETT, JJ., and MELVIN, Associate Justice, concur.
ALDERMAN, J., concurs specially with an opinion.
ALDERMAN, Justice, concurring specially.
I agree with the rationale and holding of the majority opinion that Section 627.7262 is unconstitutional because by its enactment the legislature has impermissibly encroached on the judiciary's procedural rule-making prerogative in violation of Article II, Section 3, Florida Constitution. The joinder or non-joinder of motor vehicle liability insurers in a lawsuit against the insured under Section 627.7262 is a procedural step in the conduct of the trial proceedings.
I believe, however, that the legislature by this statute has expressed the public policy of the state in reference to motor vehicle liability insurance companies. Whether or not a defendant has liability insurance coverage should in no way affect the outcome of a lawsuit. The jury's determination should be unrelated to defendant's insurance coverage just as it should be unrelated to the amount of his personal wealth. Because of the wisdom of this legislation and because it is a legislative expression of the public policy of this state, I would adopt the substance of Section 627.7262 as a rule of procedure. Cf. Carter v. Sparkman, 335 So.2d 802 (Fla. 1976).
NOTES
[1] Markert v. Johnston, No. 52,591, comes to us by certified question from the Leon County Circuit Court, pursuant to 1962 Florida Appellate Rule 4.6. Ingram v. Rosner, No. 53,632, comes by direct appeal from an order of the Duval County Circuit Court upholding the constitutionality of the statute and dismissing Liberty Mutual Insurance Company, Rosner's insurer, as a party defendant. O'Quinn v. Thompson, No. 52,577, comes by petition for certiorari, pursuant to Article V, Section 3(b)(3) of the Florida constitution, to review an interlocutory order of the Duval County Circuit Court declaring the statute unconstitutional.
[2] In addition to the briefs of the parties, amicus curiae briefs have been filed by the Academy of Florida Trial Lawyers, contesting the statute, and by the American Insurance Association, supporting the statute.
[3] "The supreme court shall adopt rules for the practice and procedure in all courts... ."
[4] Article II, Section 3 of the Florida Constitution prevents the powers of one branch of government from being exercised by another.
[5] Artille v. Davidson, 126 Fla. 219, 170 So. 707 (1936). The mention of insurers, as distinct from their joinder, has been treated as a procedural subject immune from legislative alteration. See Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). Contrast School Board of Broward County v. Price, 362 So.2d 1337 (Fla. 1978).
[6] One year later we expanded the right of direct action to include all liability insurance companies. Beta Eta House Corp. v. Gregory, 237 So.2d 163 (Fla. 1970).
[7] A second statute of similar import was enacted in 1977 as part of an insurance and tort reform statute. Ch. 77-468, § 39, Laws of Fla., creating § 768.045, Fla.Statutes (1977). That statute is not before us, and we make no determination of its validity. In State v. Lee, 356 So.2d 276 (Fla. 1978), we did hold that this statute does not violate the "one subject" provision of the Florida Constitution (Art. III, § 6, Fla. Const.) and that it is not invalid simply because another of its provisions was unconstitutional. We declined, however, to rule on other constitutional aspects of this provision.
[8] A recurring argument advanced by proponents of the statute is that the issue of joinder of insurers is simply a matter of public policy, the declaration of which is primarily a legislative function. It is asserted that only in the absence of a constitutional or statutory declaration may public policy be determined by the courts. The fallacy in that reasoning, of course, is that, as a matter of constitutional imperative, only the Supreme Court has the power to adopt rules of practice and procedure for Florida courts. The fact that our rules may reflect the prevailing public policy  whether by design or by coincidence  obviously does not enable the legislature to encroach on our rule-making authority. The separation of powers doctrine precludes that result. Art. II, § 3, Fla. Const.
[9] Fla.R.Civ.P. 1.210. Advocates for this position note that the Court in Shingleton did not adopt a rule to accommodate the objective achieved, as was later done in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). This suggests to them that Shingleton created a substantive right.
[10] See In re Florida Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla. 1972) (Adkins, J., concurring), characterizing steps in the course of litigation as "procedural."
[11] Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956).