SHARP, Chief Judge.
State Farm Fire and Casualty Co. (“State Farm”) appeals from an amended final judgment which awarded $100,000 to Matthew Robinson, a minor, and $20,000 to his father, Richard, in a personal injury action which arose after Matthew was injured in an automobile accident with State Farm’s insured. The judgment limited State Farm’s liability to the $15,000 policy limits. However, State Farm argues that any judgment against it was error because the statute of limitations had expired at the time it was joined in the action. We affirm.
The accident occurred on August 13, 1976, and a lawsuit based on negligence was commenced against State Farm’s insured, Lockley, on March 15, 1979, well within the limitations period.[1] Four amended complaints were filed, the third of which joined State Farm on May 29, 1986. Because an issue existed as to ownership of the automobile driven by Lockley at the time of the accident, the case was eventual *1211 ly tried on the issue of insurance coverage and damages after a default was entered against Lockley.[2] The judgment was rendered on October 7, 1987.
State Farm cites Shingleton v. Bussey, 223 So.2d 713 (Fla.1969) which overruled an earlier case[3] and gave an injured plaintiff a direct cause of action against the liability insurer, and permitted the plaintiff to join the insurer as the real party in interest.[4] Based on Shingleton, State Farm argues the statute of limitations began to run against it from the date of the accident since it could have been joined at any time thereafter as the real party in interest. However, State Farm confuses the right to sue a real party in interest as an indemnitor with the timely filing of a lawsuit against the actual tortfeasor, for purposes of accrual of the statute of limitations.
The real party in interest doctrine permits joinder of a party at any stage of the proceedings. But it is a procedural rule and does not create or affect any substantive rights. Markert v. Johnston, 367 So.2d 1003, 1005 (Fla.1978); Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980). It does not change the established rule that a cause of action against a liability insurer by its insured does not accrue until the entry of judgment against the insured. The insurer’s liability is entirely derivative. It must indemnify its insured for any judgment rendered against him (here Lockley). That did not occur in this case until the final judgment was rendered. Therefore, the statute of limitations has not run against State Farm in this case, although it was properly joined as a real party in interest during the course of the proceedings against Lockley. demons at 1136.
AFFIRMED,
DAUKSCH and COWART, JJ., concur.

. Section 95.11(3)(a), Florida Statutes (1975): 95.11 Limitations other than for the recovery of real property. — Actions other than for recovery of real property shall be commenced as follows:
(3) WITHIN FOUR YEARS—
(a) An action founded on negligence.

. Another defendant, alternatively alleged to have been the owner of the vehicle, settled with plaintiffs on the first day of trial.

. Artille v. Davidson, 126 Fla. 219, 170 So. 707 (Fla.1936).

. On October 1, 1976, section 627.7262, Florida Statutes (1976) (the nonjoinder statute) was enacted which prohibited joinder of an insurer at the commencement of the action. It was subsequently declared unconstitutional in Markert v. Johnston, 367 So.2d 1003 (Fla.1978), amended on October 1, 1982 and later declared constitutional in VanBibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla.1983). However, because this statute is substantive in nature, it has only prospective application. VanBibber at 883. Since the accident concerned here occurred in 1976, prior to section 627.7262 being enacted in its present constitutional form, this case is controlled by Shingleton, Markert and their progeny. VanBibber at 883.