579 So.2d 730 (1991)
HAVEN FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant,
v.
Larry F. KIRIAN, et al., Appellees.
No. 76082.
Supreme Court of Florida.
May 9, 1991.
*731 Steven R. Scott of Gable, Taylor & Dees, Jacksonville, for appellant.
Alan K. Smith of Strohauer & Smith, P.A., Clearwater, for appellees.
McDONALD, Justice.
Haven Federal Savings & Loan Association (Haven Federal) appeals a district court's express declaration that section 702.01, Florida Statutes (1987), is unconstitutional. Kirian v. Haven Federal Savings & Loan Association, 560 So.2d 380 (Fla. 1st DCA 1990). We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm the district court's decision.
Haven Federal filed foreclosure actions against Kirian on two condominium units in a failed development. Kirian responded by asserting affirmative defenses seeking recoupment or rescission, by filing counterclaims seeking damages, and by seeking a jury trial on these issues. Both the affirmative defenses and the counterclaims were based on allegations of fraud and misrepresentation. Kirian alleged that Haven Federal entered into an arrangement with the owners and developers to defraud potential purchasers by, having knowledge of the development's inevitable financial collapse, agreeing to portray a falsely optimistic investment outlook and concealing its own financial interest in the development while *732 providing financing for prospective purchasers.
Haven Federal moved to sever the counterclaims from the foreclosure action, relying exclusively upon section 702.01 which states:
All mortgages shall be foreclosed in equity. In a mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury.
(Emphasis added.) The trial court granted the motion to sever, finding the language of section 702.01 mandatory and that severance would not preclude a separate hearing on the merits of Kirian's counterclaims. Haven Federal subsequently filed a motion for summary judgment, claiming that, because the grounds supporting Kirian's counterclaims and affirmative defenses were identical, the order severing the counterclaims would be thwarted if the court did not strike the affirmative defenses. The trial court agreed, struck the affirmative defenses, and granted summary judgment.
On appeal, Kirian argued that, unlike the mandatory severance of counterclaims required by section 702.01, the severance of counterclaims is discretionary under Florida Rule of Civil Procedure 1.270(b) which states:
The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues.
(Emphasis added.) Kirian contended that, because section 702.01 conflicted with rule 1.270(b), it unconstitutionally encroached upon this Court's exclusive power to regulate matters of practice and procedure in all courts. See art. V, § 2(a), Fla. Const. Kirian further contended that the trial court improperly struck his affirmative defenses.
The district court agreed and reversed the trial court's decision. The court held that section 702.01, to the extent it conflicts with rule 1.270(b), unconstitutionally infringes upon the power of this Court to regulate matters of practice and procedure. The court further held that the trial court erred when it struck Kirian's affirmative defenses and granted summary judgment. We agree on both points.
With regard to the constitutionality of section 702.01, we must determine whether the statute concerns matters of substantive law, which is within the legislature's domain, or whether it concerns matters of practice and procedure, which this Court has the exclusive authority to regulate. Markert v. Johnston, 367 So.2d 1003 (Fla. 1978). Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer. State v. Garcia, 229 So.2d 236 (Fla. 1969). It includes those rules and principles which fix and declare the primary rights of individuals with respect towards their persons and property. Adams v. Wright, 403 So.2d 391 (Fla. 1981). On the other hand, practice and procedure "encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. `Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof." In re Florida Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla. 1972) (Adkins, J., concurring). It is the method of conducting litigation involving rights and corresponding defenses. Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116 (1941).
In view of these categorizations of, and distinctions between, procedural and substantive matters, we hold that the severance provision of section 702.01 is procedural in nature. Where this Court promulgates rules relating to the practice and procedure of all courts and a statute provides a contrary practice or procedure, the statute is unconstitutional to the extent of the conflict. School Board v. Surette, 281 So.2d 481 (Fla. 1973), receded from on other grounds, School Board v. Price, 362 So.2d 1337 *733 (Fla. 1978). Pursuant to rule 1.270(b) the severance of counterclaims is at a trial court's discretion. Section 702.01, however, removes that discretion in mortgage foreclosure cases and mandates severance of all counterclaims. Thus, section 702.01 is unconstitutional to the extent it conflicts with rule 1.270(b).
In reaching our decision, we reject Haven Federal's argument that the legislature has granted mortgage lenders a substantive right to foreclose on a defaulted mortgage undelayed by counterclaims. To support its argument, Haven Federal relies upon VanBibber v. Hartford Accident & Idemnity Insurance Co., 439 So.2d 880 (Fla. 1983), wherein this Court held that a statute precluding joinder of insurance companies in litigation against their insureds was substantive because of the legislature's long and continuing interest in the insurance area and its policy determination that the statute was in the public's best interest. Haven Federal asserts that section 702.01 reflects the legislature's intent to provide greater legal protection to commercial mortgage lenders and is therefore substantive in nature. We disagree.
We do not interpret the legislative history of the pertinent amendments to section 702.01 to show that the legislature clearly intended to grant lenders a substantive right to foreclose mortgages undelayed by counterclaims. The amendments were part of a comprehensive revision of laws addressing difficulties lenders encountered in enforcing assignment of rents provisions in mortgage contracts.[1] Amending section 702.01 to require severance of counterclaims in foreclosure actions was merely an ancillary measure in addressing the assignment of rents problem. We based VanBibber on the legislature's clear intent and policy determination to prohibit joinder of insurance companies in suits against their insureds. Such clear intent and policy determination is lacking in the instant case. Therefore, we find Haven Federal's reliance on VanBibber misplaced.[2]
Finally, we agree that the trial court erred by striking Kirian's affirmative defenses and granting summary judgment. The trial court struck the affirmative defenses because the grounds supporting the defenses were identical to that of the counterclaims. However, counterclaims and affirmative defenses are separate and distinct terms. A counterclaim is a cause of action that seeks affirmative relief, while an affirmative defense defeats the plaintiff's cause of action by a denial or confession and avoidance. See Schupler v. Eastern Mortgage Co., 160 Fla. 72, 33 So.2d 586 (1948); Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). A court cannot grant summary judgment where a defendant asserts legally sufficient affirmative defenses that have not been rebutted. Ton-Will Enterprises, Inc. v. T & J Losurdo, Inc., 440 So.2d 621 (Fla. 2d DCA 1983). Haven Federal does not dispute that it failed to rebut the affirmative defenses. Thus, the trial court erred by striking Kirian's affirmative defenses.
We therefore affirm both the district court's holding that section 702.01 is unconstitutional to the extent it conflicts with rule 1.270(b) and its holding that the trial court improperly struck Kirian's affirmative defenses and granted summary judgment.
It is so ordered.
*734 SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Specifically, the amendments to § 702.01, Fla. Stat. (1987), were part of CS for HB 1153 which the legislature enacted during the 1987 session. According to the final staff analysis of the House Commerce Committee, that legislation amended §§ 697.07, 201.022, and 702.01 to create a simple, equitable, and inexpensive method by which a mortgage lender could enforce an assignment of rents contract.
[2] VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880 (Fla. 1983), is the most recent in a series of cases involving the joinder/nonjoinder of insurance companies in litigation against their insureds. E.g., Markert v. Johnston, 367 So.2d 1003 (Fla. 1978); School Bd. v. Price, 362 So.2d 1337 (Fla. 1978); School Bd. v. Surette, 281 So.2d 481 (Fla. 1973), receded from on other grounds, School Bd. v. Price; Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969); Artille v. Davidson, 126 Fla. 219, 170 So. 707 (1936), aff'd, 129 Fla. 64, 175 So. 792 (1937). The legislation found substantive in VanBibber was enacted in response to these cases, in particular Shingleton and Markert, and was clearly designed to overturn Markert. Such is not the situation in the case under review.