SHEVIN, Judge.
Tuttle’s Design-Build, Inc., the mortgagor, appeals an order awarding mortgagees, George R. Caple and Caple Enterprises, Inc., interest payments under subsection (2) of section 702.10, Florida Statutes (1997). We reverse, finding subsection (2) of section 702.10 unconstitutional because it fails to protect mortgagors’ due process rights, and it impermissibly conflicts with procedural rules established by the Florida Supreme Court.
The mortgagor purchased a plant nursery from Caple Enterprises, Inc. The $17,000,000 purchase was financed by a bank, by three promissory notes to Caple Enterprises, and by a note to George Caple, individually. After the mortgagor had paid more than $10,-000,000 on the notes, it defaulted on one note to Caple Enterprises, and the note to Caple. The mortgagees filed a foreclosure action and requested the court to issue a show cause order under section 702.10(2), which states:
In an action for foreclosure, other than residential real estate, the mortgagee may request that the court enter an order directing the mortgagor defendant to show cause why an order to make payments during the pendency of the foreclosure proceedings or an order to vacate the premises should not be entered.[1]
The mortgagor answered, demanded a jury trial, and asserted affirmative defenses: failure of consideration premised on the mortgagees’ failure to convey all of the property in the purchase agreement; prevention of performance premised on mortgagees’ interference with mortgagor’s management and employee relations; a prior superseding breach; inequitable conduct; and failure of a condition precedent. After the hearing on the show cause request, the court entered an order requiring the mortgagor to pay the mortgagees $165,572 in interest, retroactive to the date the Show Cause Order was requested, and $61,416 in interest monthly thereafter, or to post a bond in the amount of $6,865,572, the unpaid mortgage principal and interest. On appeal, the mortgagor contends that section 702.10(2) is unconstitutional for two reasons: the section doesn’t provide the mortgagor due process safeguards in the face of the pre-judgment remedies afforded the mortgagees; and the section impermissibly conflicts with court procedural rules.[2]
*1215 Because section 702.10(2) deprives the mortgagor of property by exacting payment or giving the mortgagee possession, the statute must comply with due process requirements. See Ray Lein Constr., Inc. v. Wainwright, 346 So.2d 1029 (Fla.1977). However, section 702.10(2) lacks a fundamental due process protection: a provision for a creditor bond to protect the debtor from mistaken repossession or payment. See Gazil, Inc. v. Super Food Servs., Inc., 356 So.2d 312 (Fla.1978)(citing Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974)). In this case, pursuant to subsection (2) of section 702.10, the court has awarded the mortgagees, who are private parties, interest payments without making provisions to safeguard the mortgagor’s interest in the event the mortgagees do not prevail. The mortgagees in this ease are not even institutional lenders from whom the mortgagor can arguably expect to recover all sums paid. But, even if the mortgagees were institutional lenders, this would not alter the fact that the statute fails to provide the mortgagor the due process protections that would cure the constitutional infirmity of section 702.10(2). Moreover, the mortgagor presents substantial affirmative defenses that, if proven at trial, could avoid foreclosure.
Furthermore, the mortgagor’s due process interests could have been protected by requiring, at a minimum, that payments be made into the court registry, as suggested in the Final Bill Analysis. See Fla. H.R. Comm, on Jud., CS/HB 1159 p. 45 (1993)(pro-posing interim interest and/or principal payments to be made into court registry). Unfortunately, this suggestion was not included in the statute as adopted. Such a provision would have safeguarded the mortgagor’s funds pending the ease’s outcome. Additionally, the statutory bond provision could have been fashioned to avoid the hardship of remitting payments to a mortgagee. Instead, it requires that the mortgagor post a bond in the full amount of the mortgage balance. As section 702.10(2) fails to afford due process protections for a debtor’s interests, we hold that it is facially unconstitutional.[3]
Because section 702.10(2) forces a mortgagor to make payments without due process protection, and only provides for an excessive bond to stay payments ordered, this section impermissibly regulates matters of practice and procedure, and is unconstitutional for this reason as well. While matters of substantive rights are exclusively within the legislature’s domain, matters of practice and procedure, which “encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion[,]” Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 732 (Fla.1991), are for the Supreme Court to regulate. Section 702.10(2) is procedural in nature because it does not declare or create a new right for mortgagees: it only creates a new manner, method or process for mortgagees to receive monies they already have a right to receive under existing law. Where a statute establishes a practice or procedure in conflict with procedural rules promulgated by the Supreme Court the statute is unconstitutional to the extent of the conflict.
As noted above, section 702.10(2) requires payments by mortgagors without the benefit of a bond posted by the mortgagees. In effect, this section imposes on mortgagors a mandatory injunction prior to judgment without the benefit of a mortgagee bond. An order requiring payment of funds prior to entry of judgment is, in effect, an order granting an injunction. First Union Nat’l Bank of Fla., N.A. v. Peoples Nat’l Bank of Commerce, 644 So.2d 538 (Fla. 3d DCA 1994); CMR Distrib., Inc. v. Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992). As such, the section is in direct conflict with Florida Rule of Civil Procedure *1216 1.610(b), which prohibits the entry of a temporary injunction unless a bond is posted by the party seeking the injunction.
Additionally, under Florida Rule of Appellate Procedure 9.310(b), a party under court order to pay money can post a bond in the amount awarded plus twice the statutory interest to stay a prejudgment order. However, under 702.10(2)(d), the bond amount exacted from the mortgagor far exceeds the amount of the interim payments ordered or what would be required of the mortgagor under 9.310(b). “Where [the supreme court] promulgates rules relating to the practice and procedures of all courts and a statute provides a contrary practice or procedure, the statute is unconstitutional to the extent of the conflict.” Kirian, 579 So.2d at 733. Therefore, section 702.10(2) is also unconstitutional because it contradicts established procedural rules.
Based on the foregoing analysis, we reverse the order under review.
Reversed and remanded.

. To avoid these consequences the mortgagor must post a bond "in an amount equal to the unpaid balance of the mortgage on the property, including all principal, interest, unpaid taxes, and insurance premiums[.]” § 702.10(2)(d), Fla. Stat. (1997).

. We are unpersuaded by the mortgagees’ argument that the mortgagor did not fully articulate *1215 this argument below. The record demonstrates that the argument was developed as far as was possible given the circumstances at the hearing. See Cantor v. Davis, 489 So.2d 18 (Fla.1986).

. Our holding, however, has no effect on the salutary impact of section 702.10(1), because the statutory provisions were declared severable by the legislature. Ch. 93-250, § 16, at 2476, Laws of Fla. We note that 702.10(l)(a)(8)b. only provides for in rem relief and does not require any advanced payments under the mortgage as mandated by 702.10(2).