CANTERO, J.,
concurring.
I fully concur in the majority opinion. I write only to explain why the rule, as adopted, provides for the determination of mental retardation to be made, in most cases, before trial. As explained below, allowing the determination to be made before trial promotes the most efficient use of increasingly scarce judicial and legal resources.
As we have repeatedly recognized, “death is different.” See, e.g., Walker v. State, 707 So.2d 300, 319 (Fla.1997); Crump v. State, 654 So.2d 545, 547 (Fla.1995). The dynamics of a capital case and those of a noncapital case are different not *568 just in degree, but in kind. A death penalty ease, involving the ultimate penalty, invokes a host of pre- and post-trial procedures, as well as requirements for court and counsel, that do not exist in any other context. To ensure that those procedures, which can be time-consuming and expensive, are invoked only when death is a possible sentence, the defendant, the State, and the judicial system all should desire a prompt determination of mental retardation. The invocation of capital case procedures in a case in which, ultimately, the defendant cannot be sentenced to death wastes time and judicial resources. Especially during these tight budget times for the judiciary and the entire state, we should implement procedures that consider not only the defendant’s constitutional rights but also, when consistent with those rights, the most efficient use of judicial and legal resources.
A pretrial determination of mental retardation would conserve vast judicial and legal resources, at least when the defendant is ultimately found to be mentally retarded. If a defendant is determined to be mentally retarded and therefore not subject to a death sentence, the following differences apply:
* a plea agreement is more likely;
* the presiding judge need not meet the requirements for the trial of death penalty cases, see Fla. R. Jud. Admin. 2.050;
* defense attorneys need not meet the minimum standards for counsel in death penalty cases, see Fla. R.Crim. P. 3.112;
* neither the State nor the defense needs to assign separate penalty phase counsel;
* neither the State nor the defense needs to hire investigators and expert witnesses to prepare for the penalty phase;
* neither the State nor the defense needs to interview and possibly transport penalty phase witnesses from distant locations;
* the jury does not have to be death-qualified; and
* no penalty phase jury trial must be conducted.
Further, a pretrial determination avoids a potentially innocent mentally retarded defendant’s compulsion to enter a plea agreement to avoid the death penalty.
Some of the procedures listed above can be time-consuming and expensive. Hiring an investigator to review the defendant’s background, for example, may involve traveling to other states to interview family members and childhood friends. Hiring mental health experts such as psychiatrists and psychologists, a frequent occurrence in death penalty cases, is also costly. These costs can be reduced or even eliminated if, early in the case, a defendant is determined to be mentally retarded.
The idea of determining mental retardation before trial is by no means novel. In fact, it is the preferred procedure for determining a defendant’s mental retardation in a murder case. Of the twenty-five jurisdictions that have adopted procedures for determining mental retardation in capital cases, eleven require or allow the determination to be made before trial.[2] Another *569 five do not address the timing, therefore allowing it to be made pretrial.[3] Only three jurisdictions (including Florida) require the determination to be made after the penalty phase.[4]
For these reasons, judicial efficiency militates in favor of a pretrial determination of mental retardation.[5]
ANSTEAD, C.J., and PARIENTE, J., concur.
APPENDIX
Rule 3.203. DEFENDANT’S MENTAL RETARDATION AS A BAR TO IMPOSITION OF THE DEATH PENALTY
(a) Scope. This rule applies in all first-degree murder cases in which the state attorney has not waived the death penalty ■ on the record and the defendant’s mental retardation becomes an issue.
(b) Definition of Mental Retardation. As used in this rule, the term “mental retardation” means significantly subaver-age general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the period from conception to age 18. The term “significantly subaverage general intellectual functioning,” for the purpose of this rule, means performance that is two or more standard deviations from the mean score on a standardized intelligence test authorized by the Department of Children and Family Services in rule 65B-4.032 of the Florida Administrative Code. The term “adaptive behavior,” for the purpose of this rule, means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her age, cultural group, and community.
(c)Motion for Determination of Mental Retardation as a Bar to Execution: Contents; Procedures.
(1) A defendant who intends to raise mental retardation as a bar to execution shall file a written motion to establish mental retardation as a bar to execution with the court. .
(2) The motion shall state that the defendant is mentally retarded and, if the defendant has been tested, evaluated,, or examined by one or more experts, the names and addresses of the experts. Copies of reports containing the opinions of any experts named in the motion shall be attached to the motion. The court ‘shall *570 appoint an expert chosen by the state attorney if the state attorney so requests. The expert shall promptly test, evaluate, or examine the defendant and shall submit a written report of any findings to the parties and the court.
(3) If the defendant has not been tested, evaluated, or examined by one or more experts, the motion shall state that fact and the court shall appoint two experts who shall promptly test, evaluate, or examine the defendant and shall submit a written report of any findings to the parties and the court.
(4) Attorneys for the state and defendant may be present at the examinations conducted by court-appointed experts.
(5) If the defendant refuses to be examined or fully cooperate with the court appointed experts or the state’s expert, the court may, in the court’s discretion:
(A) order the defense to allow the court-appointed experts to review all mental health reports, tests, and evaluations by the defendant’s expert;
(B) prohibit the defense experts from testifying concerning any tests, evaluations, or examinations of the defendant regarding the defendant’s mental retardation; or
(C) order such relief as the court determines to be appropriate.
(d) Time for filing Motion for Determination of Mental Retardation as a Bar to Execution.
(1)Cases in which trial has not commenced. In all cases in which trial has not commenced on October 1, 2004, the motion for a determination of mental retardation as a bar to execution shall be filed not later than 90 days prior to trial, or if the trial is set earlier than 90 days from October 1, 2004, at such time as is ordered by the court.
(2) Cases in which trial has commenced on October 1, 2004. In all cases in which trial has commenced on October 1, 2004; the motion shall be filed and determined before a sentence is imposed.
(3) Cases in which a direct appeal is pending. If an appeal of a circuit court order imposing a judgment of conviction and sentence of death is pending on October 1, 2004, the defendant may file a motion to relinquish jurisdiction for a mental retardation determination within 60 days of October 1, 2004. The motion shall contain a copy of the motion to establish mental retardation as a bar to execution and shall contain a certificate by appellate counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is mentally retarded.
(4) Cases in which the direct appeal is final; contents of motion; conformity with Florida Rule of Criminal Procedure 3.851.
(A) A motion for postconviction relief seeking a determination of mental retardation made by counsel for the prisoner shall contain a certification by counsel that the motion is made in good faith and on reasonable grounds to believe that the prisoner is mentally retarded.
(B) If a death sentenced prisoner has not filed a motion for postconviction relief on or before October 1, 2004, the prisoner shall raise a claim under this rule in an initial rule 3.851 motion for postcon-viction relief.
(C) If a death sentenced prisoner has filed a motion for postconviction relief and that motion has not been ruled on by the circuit court on or before October 1, 2004, the prisoner may amend the motion to include a claim under this rule within 60 days after October 1, 2004.
*571 (D) If a death-sentenced prisoner has filed a motion for postconviction relief and that motion has been ruled on by the circuit court but the prisoner has not filed an appeal on or before October 1, 2004, the prisoner shall file a supplemental motion in the circuit court raising the mental retardation claim. The prisoner’s time for filing an appeal of the ruled-upon postconviction motion is stayed until the circuit court rules upon the mental retardation claim.
(E) If a death sentenced prisoner has filed a motion for postconviction relief and that motion has been ruled on by the circuit court and an appear is pending on or before October -1, 2004, the prisoner may file a motion in the supreme court to relinquish jurisdiction to the circuit court for a determination of mental retardation within 60 days from October 1, 2004. The motion to relinquish jurisdiction shall contain a copy of the motion to establish mental retardation as a bar to execution, which shall be raised as a successive rule 3.851 motion, and shall contain a certificate by appellate counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is mentally retarded.
(F) If a death sentenced prisoner has filed a motion for postconviction relief, the motion has been ruled on by the circuit court, and that ruling is final on or before October 1, 2004, the prisoner may raise a claim under this rule in a successive rule 3.851 motion filed within 60 days after October 1, 2004. The circuit court may reduce this time period and expedite the proceedings if the circuit court determines that such action is necessary.
(e)Hearing on Motion to Determine Mental Retardation. The circuit court shall conduct an evidentiary hearing on the motion for a determination of mental retardation. At the hearing,- the court shall consider the findings of the experts and all other evidence on the issue of whether the defendant is mentally retarded. The court shall enter a written order prohibiting the imposition of the death penalty and setting forth the court’s specific findings in support of the court’s determination if the court finds that the defendant is mentally retarded as defined in subdivision (b) of this rule. The court shall stay the proceedings for 30 days from the date of rendition of the order prohibiting the death penalty or, if a motion for rehearing is filed, for 30 days following the rendition of the order denying rehearing, to allow the state the opportunity to appeal the order. If the court determines that the defendant has not established mental retardation, the court shall enter a written order setting forth the court’s specific findings in support of the court’s determination.
(f) Waiver. A claim authorized under this rule is waived if not filed in accord with the time requirements for filing set out in this rule, unless good cause is shown for the failure to comply with the time requirements. , .
(g) Finding of Mental Retardation; Order to Proceed. If, after the evidence presented, the court is of the opinion that the defendant is mentally retarded, the court shall order the case to proceed without the death penalty as an issue.
(h) Appeal. An appeal may be taken by the state if the court enters an order finding that the defendant is mentally retarded, which will stay further proceedings in the trial court until a decision on appeal is rendered. Appeals are to proceed according to Florida Rule of Appellate Procedure 9.140(c).
(i) Motion to Establish Mental Retardation as a Bar to Execution; Stay of Execution. The filing of a motion to establish mental retardation as a bar to exe *572 cution shall not stay further proceedings without a separate order staying execution.
Rule 9.140 Appeal Proceedings in Criminal Cases
[No changes to subdivisions (a)-(b).]
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
[No changes to subdivisions (A)(H).]
(I) finding a defendant mentally retarded under Florida Rule of Criminal Procedure 3.203;
(X J) granting relief under Florida Rule of Criminal Procedure 3.853;
(J K) ruling on a question of law if a convicted defendant appeals the judgment of conviction;
(K L) imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines;
(EM) imposing a sentence outside the range recommended by the sentencing guidelines;
(IN) denying restitution; or
(N 0) as otherwise provided by general law for final orders.
[No changes to subdivisions (c)(2)-(3) or (d)-(i).]

. These are: Arizona, see Ariz.Rev.Stat. § 13-703.02 (2002); Arkansas, see Ark.Code Ann. § 5-4-618 (Michie 2002); Colorado, see Colo. Rev.Stat. § 18-1.3-1102 (2002); Idaho, see Idaho Code § 19-2515A (Michie 2002); Illinois, 725 Ill. Comp. Stat. 5/114-15 (2003); Indiana, see Ind.Code § 35-36-9-5 (2002); Kentucky, see Ky.Rev.Stat. Ann. § 532.135 (Michie 2002); Missouri, see Mo.Rev.Stat. § 565.030 (2002); North Carolina, see N.C. Gen.Stat. § 15A-2005 (2002); South Dakota, see S.D. Codified Laws § 23A-27A-26.3 (Mi- *569 chie 2002); and Utah, see Utah Code Ann. §§ 77-15a-101 — 77-15a-106 (2002).

. These are: Connecticut, see Conn. Gen.Stat. § 53a-46a (2002); Georgia, see Ga.Code Ann. § 17-7-131 (2002); Maryland, see Md.Code' Ann., Crim. Law § 2-202 (2002); Tennessee, see Tenn.Code Ann. § 39-13-203 (2002); and the United States, see 18 U.S.C. § 3596 (2002).

. These are: Delaware, see Del.Code Ann. tit. 11 § 4209 (2002); Florida, see § 921.137, Fla. Stat. (2001); and Virginia, see Va.Code Ann. §§ 19.2-264.3:1.1-3:3. (Michie 2002).

. The statute governing the determination of mental retardation, enacted in 2001, requires that the determination be made after a verdict of guilty and after a juiy recommends a sentence of death., See § 921.137(4), Fla. Stat. (2001). Therefore, the rule we adopt conflicts with the statute. Under the Florida Constitution, however, this Court is ultimately responsible for enacting rules of procedure. See art. V, § 2, Fla. Const. Once a case is filed in a court of law, the decision of when that right may be invoked is quintessentially a matter of procedure, over which this Court has ultimate authority. See Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 732 (Fla.1991).(stat-ing that this Court has the exclusive authority to regulate matters of practice and procedure); Markert v. Johnston, 367 So.2d 1003, 1004 (Fla.1978) (noting that procedural aspects of trial are reserved to the rulemaking authority of this Court).