350 So.2d 499 (1977)
Sal E. MIRENDA, Jack Lamp, Cromwell Development Corporation, Oxford Development Corporation and Berrington Construction Company, Appellants,
v.
Harry R. STEINHARDT, Appellee.
No. 76-856.
District Court of Appeal of Florida, Fourth District.
September 20, 1977.
Rehearing Denied October 28, 1977.
*500 Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellants.
Ray Sandstrom of Sandstrom & Hodge, Fort Lauderdale, for appellee.
KANEY, FRANK N., Associate Judge.
Defendants below file this appeal from a Final Judgment in favor of Plaintiff-Appellee in the amount of $4,600 together with costs of $1,198.
The Plaintiff sued the Defendants for fraud and breach of contract, alleging a loss of view of the Intracoastal Waterway from the balcony of his condominium apartment.
After visiting the condominium apartment project known as Cromwell West which was then under construction and development by the Defendant-Cromwell Development Corporation, and discussing the matter with Defendant-Sal Mirenda, president of Cromwell Development, Plaintiff on August 9, 1972, entered into and executed a written contract for the purchase of apartment unit 412 at Cromwell West in Fort Lauderdale.
Plaintiff testified that his primary reason for selecting a unit at Cromwell West was the fact that it had a view of the Intracoastal Waterway which was located some 400 to 600 yards to the east of Cromwell West. He said that he had observed and experienced this view for himself prior to executing the contract and that the brochure made available by Cromwell Development contained the following statement: "Fish from your own dock or just relax and watch the yachts ply the Intracoastal Waterway to the open sea from your own private balcony." Based on these statements and being advised by Defendant-Mirenda that Cromwell was going to build an identical building to the east but that the view of the Intracoastal from Cromwell existing on August 9, 1972, would remain constant he executed the contract, and paid a $2,000 deposit into escrow. The closing was to be held in mid-December, 1972, but was not held until May, 1973.
Prior to August of 1972 the plans for the building on the east, which was called Cromwell East, were on file with the appropriate governmental bodies. Had anybody chosen to look at them they would have seen that Cromwell East was to be built much closer to the north property line than was Cromwell West therefore masking the view of the Intracoastal from Cromwell West.
Mirenda testified that he did not look at these plans and discover the view blockage until late 1972. In January of 1973 he sent a letter to all those persons who had executed contracts. The letter stated that because of the location of Cromwell East some of the purchasers would be prevented from having a view of the Intracoastal, and advising them that if they wished to rescind their contract for that reason to notify Cromwell Development in writing and the deposit would be refunded.
Plaintiff received this letter but did nothing whatsoever about it. At the closing in May, 1973, he did not mention the letter instead he paid the contract price and took a warranty deed.
In February, 1974, he brought this lawsuit.
37 Am.Jur.2d Fraud and Deceit, § 394, states the general rule which is followed in Florida.

*501 "... Where a contract is wholly executory, neither party having performed any part of it, if one party ascertains that the other has been guilty of fraud in the procuring or making of the contract or with reference to the subject matter thereof, he may repudiate the contract, since it is in no way binding upon him, and in such circumstances the defrauded party may not remain silent as to the fraud and perform the contract and then claim damages for the fraud. It is very generally held that one who discovers that fraud has been practiced upon him while the transaction remains wholly executory, but nevertheless either executes or performs it on his part or requires performance on the part of the other thereby waives the fraud and cannot subsequently maintain an action for damages therefor."
Street v. Bartow Growers Processing Corp., 67 So.2d 228 (Fla. 1953), follows this general rule. In that case our Supreme Court said:
"The party claiming fraud, misrepresentation or deceit cannot sit idly by and wait until conditions suit him to put the other party on notice or to take action with reference to rescission of a sales contract, or to claim damages because of a claimed inaccurate financial statement."
While both parties agree that this is the law in Florida, they differ over whether the contract was still executory.
Appellee contends that the contract had gone beyond that stage because after signing it, he had ordered and became obligated to third parties for custom drapes, household furnishings and the like.
Were we to accept Appellee's contention we would destroy executory contracts. Any time a party enters into a contract he changes his position from what it was just before he signed. Generally after signing a contract a party will begin preparations to perform the contract. The preparations to perform do not make the contract executed.
Thus where the Appellee's response to the letter advising that the statement concerning his view of the Intracoastal might not be true was to say and do nothing except to complete the contract and accept a warranty deed, he cannot recover from the developer on the basis of the developer's misrepresentation. The case should not have been submitted to the jury on this ground.
One of the counts in the complaint was for breach of contract. The trial judge's instructions on this count was a lengthy background briefing on the law of contracts. His instructions included a dissertation on the legal requisites for the formation of a contract even though there had been no dispute about the fact that Appellee and Cromwell Development had entered into a contract. He instructed on the law relating to determination of whether a contract is unenforceable for vagueness or indefiniteness, and the fact that separate writings taken together may sometimes form an agreement. There had been no testimony nor argument touching on either of these points. This was clearly error. Instructions to the jury must be predicated upon facts in proof, and a charge on an issue as to which evidence has not been submitted will constitute error. Bashaw v. Dyke, 122 So.2d 507 (Fla. 1st DCA 1960); 32 Fla.Jur., Trial, § 38.
The Florida Supreme Court said in Sirmons v. Pittman, 138 So.2d 765 (Fla. 1st DCA 1962), at page 770:
"As a general proposition, instructions to the jury should clearly and concisely state the issues of fact and the law applicable to the case ... The parties to the trial are entitled to have the issues of fact submitted to the jury without the introduction of extraneous matter that may mislead the jurors or divert their minds from a consideration of the evidence pertinent to the real issues. It follows, as a further general proposition, that the jury should not be charged with abstract rules of law applicable to any case, or with mere statements of law in general terms, even though correct, unless they are made applicable to the issues in the case at bar."
*502 Was this a harmless error? We cannot say. The case was submitted to the jury on two grounds. Which did they render a verdict upon? The only way to determine is to resubmit the cause to another jury without the extraneous charges on the law of contracts. The case must be reversed for a new trial.
We have considered the Appellants' other points and find them to be without merit.
REVERSED and REMANDED.
ALDERMAN, C.J., and DAUKSCH, J., concur.