376 So.2d 871 (1979)
Daniel Allen MARION, a Minor, by and through His Father and Next Friend, David L. Marion, and David L. Marion, Individually, Appellants,
v.
Bruce Michael CISSELL, a Minor, Earl Cissell, His Father, and Lois Cissell, His Mother, Appellees.
No. 78-748/NT4-29.
District Court of Appeal of Florida, Fifth District.
October 3, 1979.
Rehearing Denied December 6, 1979.
*872 Jack B. Nichols of Nichols & Tatich, Orlando, for appellants.
No appearance for appellees.
JOHN H. MOORE, II, Associate Judge.
This appeal concerns a negligence action involving a one automobile accident. David Marion filed suit on his own behalf and on behalf of his minor child, Daniel, who was a passenger in a vehicle owned by the defendants, Earl and Lois Cissell, and driven by their son, Bruce. The jury returned a verdict in favor of the plaintiffs, finding the defendant, Bruce Cissell, 80% negligent, and the plaintiff, Daniel Marion, 20% negligent. The jury further awarded Daniel Marion $500.00 compensatory damages, $500.00 punitive damages, and awarded David Marion $2,500.00 compensatory damages. As to David Marion's damages, the verdict read:
"$2,500.00 over and above the $5,000.00 paid by insurance."
This was written on the verdict form pursuant to the court's instructions as discussed below. A motion for a new trial was granted as to Daniel Marion's compensatory damages and denied as to the division of liability, the punitive damages, and David Marion's damages. These denials form the substance of the plaintiffs' appeal.
Plaintiffs raise several points on appeal. Although the appellees have not favored us with a brief, we consider only two of the points to have merit. The remaining points were either waived by failure to object at trial, Indian River Construction Company v. City of Jacksonville, 350 So.2d 1139 (Fla. 1st DCA 1977), or the record fails to support them.
Plaintiffs contend the trial court erred, in the absence of supporting evidence, by instructing the jury to deduct the $5,000.00 from David Marion's damages. They also contend the trial court erred by dismissing the defendants' insurance carrier from the suit. We agree with both contentions.
The minor plaintiff, Daniel Marion, was injured when the car in which he was a passenger careened off the road, striking several orange trees. At the close of all of the evidence and outside the presence of the jury the court inquired of David Marion. This inquiry elicited that Mr. Marion paid premiums for automobile insurance on his own vehicle, that he had not made claim on that policy, that he had claimed his son's medical expenses under a group health insurance policy, but was uncertain as to the amounts paid for his son's medical expenses, and that he had no evidence with him at trial to determine the amounts paid. No effort was made by the defendants, by pleadings or proof, to show they were entitled to a credit for personal injury protection (PIP) benefits paid or payable. Nevertheless, the court, relying on Section 627.736(3), Florida Statutes (1976), instructed the jury to deduct $5,000.00 from Mr. Marion's damages. This was error for several reasons.
Section 627.736(3) provides:
"... An injured party who is entitled to bring suit under the provisions of s 627.737, or his legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his special damages notwithstanding this limitation, but if special damages are introduced into evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable."
It is axiomatic that jury instructions must be predicated upon evidence which, in turn, must be predicated upon the issues in the case. Mirenda v. Steinhardt, 350 So.2d 499 (Fla. 4th DCA 1977). The pleadings did not raise an issue regarding plaintiffs' PIP benefits, nor was there adequate proof of the amount of those benefits *873 which were paid or payable. Furthermore, the applicable statutes provided for a deductible amount up to $2,000.00 at the election of the insured. Mr. Marion may have had $5,000.00 PIP benefits or he may have elected up to $2,000.00 deductible. There was no proof of any amount whatsoever. Thus, without the policy or the limits of its coverage in evidence, the court erred by instructing the jury to deduct $5,000.00 from Mr. Marion's damages. In view of the finding of the jury, it would serve no purpose to remand this cause for a new trial as to David Marion's damages. Rather, final judgment should be entered in favor of David Marion for the amount of $6,000.00 (80% of $7,500.00).
On motion of the defendants prior to trial, the court dismissed Allstate Insurance Company as a party defendant pursuant to Section 627.7262 Florida Statutes (1976). Unavailable to the trial court at the time of his granting the defendants' motion was the Supreme Court's decision in Markert v. Johnston, 367 So.2d 1003 (Fla. 1978). There the Supreme Court declared this statute, providing for non-joinder of an insurer as a party defendant, to be unconstitutional. Therefore, on remand, Allstate Insurance Company should be added as a party defendant, and upon the new trial on the issue of Daniel Marion's damages, Allstate should be joined as a named defendant.
This cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
DAUKSCH, J., and HARRY LEE ANSTEAD, Associate Judge, concur.