## BLAZ v. ALMANY, et al.

### Case No. 80-7958

Seventeenth Judicial Circuit, Broward County

February 12, 1982

### APPEARANCES OF COUNSEL

**Harry Hipler** and **Arnold Gellman** for plaintiff.

**Dennis M. O'Hara** for defendants.

### OPINION OF THE COURT

MARK E. POLEN, Circuit Judge.

Plaintiffs, Manuel M. Blaz and Ruth S. Blaz, by and through their undersigned attorneys, file this Memorandum of Law in support of their response to Defendants' Motion To Limit Liability:

### THE FACTS

On or about August 4th, 1979, Defendant, City of Hollywood, owned a motor vehicle that was operated with its consent by the Defendant, Gayle White Almany, at or near the intersection of State Road 820 and 21st Avenue, in the City of Hollywood, County of Broward, State of Florida. Defendant, Gayle White Almany, negli-

gently operated her motor vehicle so that it collided with a motor vehicle operated by the Plaintiff, Manuel M. Blaz. At all material times, Defendant, Hartford Life & Accident Insurance Company, provided liability insurance coverage of Defendants, Gayle White Almany and Defendant, City of Hollywood, for this type of risk for the amount of $500,000.00

## ISSUES

MAY THE DEFENDANTS IN THIS CASE BE HELD LIABLE FOR A JUDGMENT IN EXCESS OF FIFTY THOUSAND DOLLAR/ONE HUNDRED THOUSAND DOLLAR ($50,000/ $100,000)?

## ARGUMENT

SECTION 768.28, FLA. STAT., DOES NOT LIMIT A JUDG-MENT TO A "CAP" OF FIFTY THOUSAND DOLLAR/ONE HUNDRED THOUSAND DOLLAR ($50,000/$100,000) MAXI-MUM, WHERE HOLLYWOOD IS INSURED BY HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY FOR DAM-AGES, PURSUANT TO A JURY VERDICT, UP TO $500,000.00.

Defendants argue that the maximum liability of all Defendants is ($50,000/$100,000), or the statutory "cap", as it is characterized. Based on the following arguments, the Court should reject Defendants' Motion to Limit Liability, as it is without merit.

Section 768.28(5), Fla. Stat., clearly states that "a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000.00 or $100,000.00, as the case may be . . .", and Section 768.28(10), Fla. Stat., states that "Laws allowing the State or its agencies or subdivisions to buy insurance are still in force and effect and are not restricted in any way by the terms of this act". Section 768.28(13), Fla. Stat., provides for self-insurance or "to purchase liability insurance for whatever coverage they may choose . . . in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section . . .". Thus, the statutory language clearly and unequivo-cally allows a Plaintiff to obtain a judgment in excess of the $50,000/ $100,000 amount, where a sovereign obtains insurance coverage ("for whatever coverage") in anticipation of a judgment or claim for liability.

Hollywood, should it suffer a judgment in excess of $50,000/ $100,000, is insured to the extent of $500,000.00. Thus, in light of the fact that the municipality has entered into an insurance agreement, or contract, the law in Florida, both statutory and policy, allow an

**101**

aggrieved Plaintiff to sue and recover more than the $50,000/$100,000 amount against a sovereign, to the extent of the insurance coverage as in the instant case.

In *Cauley v. City of Jacksonville*, 403 So.2d 379 (Fla. 1981), the Supreme Court upheld the Section 768.28 $50,000/$100,000 cap on municipality liability as valid, in rejecting claims that statute was *per se* unconstitutional and in violation of due process and equal protection, and other constitutional claims (jury trial access to Courts, or separation of powers rule).

*Cauley* involved a negligence suit only against a consolidated city (Duval County) for a long existing and dangerous depression in a road, causing a vehicle to go out of control and collide with another automobile. *Cauley* did not involve an injury suit against a sovereign, and its agents, which maintains a $500,000 coverage policy for just the type of accident as occurred in the instant case, i.e. the negligent operation of a motor vehicle. The *Cauley* decision only considered the issue of the validity of that portion of Section 768.28(5), Fla. Stat., which limits compensatory damages against municipalities for negligent performance of operational level or proprietary function, see *Cauley,* at P.381; see also *Commercial Carrier Corporation v. Indian River County,* 371 So.2d 1010 (Fla. 1979). Thus, Defendants' reliance upon *Cauley,* and *Donisi and City of Fort Lauderdale v. Trout,* — So.2d — (Fla.4th DCA 1981) (suit by fellow officer against police officer for negligent acts committed in the scope of his employment) are inapplicable, as no insurance company was a co-Defendant, or real party in interest; nor did the cases involve negligent use of a vehicle by a political subdivision as was the case herein. In addition, neither case discussed the ramifications of Section 768.28(10) and (13), Fla. Stat. as concerns the authority to purchase insurance or other, see Section 286.28 Fla. Stat.

When read fully, Section 768.28, Fla. Stat., does not preclude a judgment in excess of the $50,000/$100,000 amount, where as here, there was authorization by statute, and the sovereign purchased insurance coverage beyond the above limits. In so doing, Hollywood's officials were merely following the law, and providing protection to its citizens, and aggrieved parties if an unfortunate accident occurred, as was the case herein.

In Florida, beyond question, a sovereign may make and enter into contracts. See *Town of Indian River Shores v. Coll,* 378 So.2d 53 (Fla.4th DCA 1979); *City of Homestead v. Raney Construction,* 357 So.2d 749 (Fla.3rd DCA 1978); and where a developer for example has

installed water systems in a development project, the city in taking over the systems was held to be unjustly enriched and liable to the developer on quantum meruit, see *Zimping-McKenzie Construction Co. v. City of Pinellas Park,* 237 So.2d 576 (Fla. 2d DCA 1970); and *City of Coral Springs v. Broward County,* 387 So.2d 389 (Fla. 4th DCA 1980).

The Defendant, City of Hollywood, acted prudently and reasonably in protecting its citizens by entering into a contract of insurance to cover injuries to an aggrieved party. Furthermore, the insurance company that entered into a contract to cover accidents or injuries caused by Hollywood, or its agents, is estopped from denying coverage to Hollywood, who is in privity of contract with Hartford Life and Accident Insurance Company; and to third party beneficiaries of the insurance contract as was Mr. and Mrs. Blaz, the Plaintiffs herein. Additionally, in the instant case, it would be inequitable and arbitrary to deny coverage, thereby unjustly enriching the Hartford Life and Accident Insurance Company herein, who received premiums and payments for coverage, and now seeks to deny coverage and hide behind a cloak of statute.

Sections 286.28, 11.072, Fla. Stats., provide for coverage and the authority of political subdivisions to purchase liability coverage for damages to property or person arising from the operation of a motor vehicle, and subsection (2), at Section 286.28, Fla. Stat., further provides upon coverage, "the insurer shall not be entitled to the benefit of the defense of governmental immunity . . .", or in any suit brought against the insurer to enforce collection under such an insurance contract; . . . and "the immunity of said political subdivision against any liability . . . as to which such insurance coverage has been provided, . . . are waived to the extent and only to the extent of such insurance coverage . . ."

Thus, not only does Section 768.28 allow a judgment in excess of $50,000/$100,000 where a sovereign purchases insurance coverage, Sections 286.28, 11.072, Fla. Stats., provides similarly. See generally *School Board of Broward County v. Surette,* 394 So.2d 147 (Fla. 4th DCA 1981). Thus, according to the law of Florida, when a sovereign purchases the insurance coverage, which was greater than the amounts of Section 768.28(5), Fla. Stat., then the insurer has become primarily liable to pay a judgment to the full extent of insurance coverage. Accordingly, this Court should reject Defendants' Motion to Limit Liability.

In Florida, a liability carrier, or insurer, may be joined as a "real

**103**

party Defendant in interest" in an action against its insured. See *Beta Eta House Corporation of Tallahassee v. Gregory,* 237 So.2d 163 (Fla. 1970); *Shingleton v. Bussey,* 223 So.2d 713 (Fla. 1969); Fla. R.C.Pr. 1.210. Thus, besides being entitled to join an insurer as a party Defendant, see also *Clemons v. Flagler Hospital, Inc.,* 385 So.2d 1134 (Fla. 5th DCA 1980), at least one Appellate Court in *Marion v. Cissell,* 376 So.2d 871 (Fla. 5th DCA 1979), as per Judge J. Moore struck down a state statute, see Section 627.7262, Fla. Stat., which provided for nonjoinder of an insurer as a party Defendant as unconstitutional, see page 873, of the decision. Thus, any attempt to restrict coverage to a $50,000/$100,000 "cap" where insurance coverage exists exceeding that amount would be contrary to the law in Florida allowing an insurance company to be joined as a real party in interest, or in other words limiting coverage only to the $50,000/$100,000 "cap" would be in violation of the real party in interest principle, or rule, see *Shingleton,* supra, and discussion supra, and unconstitutional in light of *Marion.* See also *Markert v. Johnston,* 367 So.2d 1003 (Fla. 1978).

Additionally, Plaintiffs submit that any attempt to argue or suggest that an insurance company cannot be, or is not liable, for damages as per, and within the insurance policy amounts and limits, and beyond the $50,000/$100,000 "cap" of Section 768.28, Fla. Stat., or any attempt to preclude recovery against an insurer as a real party in interest, would be in violation of Art. 5, Section 2, Fla. Const., and Art. 2, Section 3, Fla. Const. which provides that the practices and procedure in all Courts shall be governed by rules adopted by the Supreme Court, would be unconstitutional, and in conflict with the rules as to real parties in interest being brought in as a co-Defendant, see *School Board of Broward County v. Surette,* 281 So.2d 481 (Fla. 1973); and Fla. R.C.P. 1.210, and other rules (case held that where rules as promulgated by Supreme Court relating to practice and procedure of all Courts, and a statutory provision provides a contrary practice or procedure, the statute must fail, thus insurer of school board not entitled to severance under a statute) as being in violation and an invasion by the statute of the Supreme Court's rule-making authority in violation of state constitutional provision. See also *Markert v. Johnston,* 367 So.2d 1003 (Fla. 1978).

In light of the above arguments, no $50,000/$100,000 "cap" exists in these facts. This Court should reject Defendants' Motion to Limit Liability.

Defendants argue that the City of Hollywood does not fall within Section 286.28, Fla. Stat. because the caption uses "City of Hollywood,

104

a municipal corporation", that there can be no liability in tort of an officer or employee of the state or its subdivisions, and further Defendants argue that the insurance policy covering Hollywood does not cover the instant facts. Based on the foregoing arguments, and those of the memorandum heretofore filed, Defendants' positions are absolutely without merit.

The City of Hollywood is covered for its negligence up to its insurance coverage. Section 286.28, Fla. Stat., clearly provides that the public officers of a governmental body, including political subdivisions, are authorized in their discretion, to secure insurance coverage for the enumerated reasons found in that statute, and specifically automobile accidents. When the City of Hollywood purchased coverage, they were acting by their own inherent authority and right to purchase insurance coverage, pursuant to its charter or other legal authority. Similarly, municipalities have the power to elect their own officers, employ police officers, sell utilities, and provide other services. The other subdivisions in Section 286.28, Fla. Stat., have been expressly given authority by that Statute. Thus, paragraph (2) of Section 286.28, Fla. Stat., clearly precludes an insurance company from denying coverage once a premium(s) are accepted. Thus, paragraph (1) of Section 286.28, Fla. Stat., is an authorizing statute to buy insurance coverage for certain subdivisions, and paragraph (2), of Section 286.28, Fla. Stat., absolutely prohibits an insurance company from hiding behind a cloak of immunity as Defendants are seeking to do herein. The fact that the caption lists the City of Hollywood as a "municipal corporation" is immaterial, as once the municipality bought the insurance, pursuant to its authority, and the insurance company sold the policy, paragraph (2) of Section 286.28, Fla. Stat., absolutely prohibits an insurance company from hiding behind a cloak of immunity. Furthermore, Section 1.01(9), Fla. Stat., defines a "political subdivision" as all inclusive, including cities. Thus, whatever Hollywood is, or may be considered, once the insurance premiums were paid, the insurance company cannot hide behind a cloak of immunity in light of Section 286.28 (2), Fla. Stat.

Assuming arguendo that Plaintiffs mislabeled the City of Hollywood as a municipal corporation (which is still covered by Section 286.28, Fla. Stat., and the law in Florida, see discussion above as to authorizing section, paragraph 1, and estoppel section, paragraph 2, of Section 286.28, Fla. Stat.), rather than "a political subdivision", then under the *Florida Rules of Civil Procedure,* parties are granted the right to amend, or file an amended complaint liberally, especially when no additional party is named, but only a title may have been improperly stated. See Fla. Rules of Civil Procedure 1.190(a)(a); *Haag v. Phillips,*

333 So.2d 507 (Fla. 2d DCA 1976); *Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp.,* 353 So.2d 137 (Fla. 3rd DCA 1977). See also Section 1.01(9), Fla. Stat., which defines a "political subdivision" as all inclusive, including cities. Thus, the City of Hollywood is a political subdivision, and whether or not they fall within paragraph 1 of Section 286.28, Fla. Stat., is immaterial because when they purchased insurance coverage, paragraph 2 of Section 286.28, Fla. Stat., applied to preclude an insurer from arguing sovereign immunity.

As a last attempt to obfuscate the clear issues of the case at bar, Defendants apparently argue that an agent or employee of Hollywood is not covered. Such an argument is absolutely without merit as Section 286.28, Fla. Stat., clearly covers an agent or employee in an auto accident. See *District School Board of Lake County v. Talmadge,* 381 So.2d 698 (Fla. 1980). The *Talmadge* case holds that Section 768.28, Fla. Stat., waives the state's preexisting immunity from suit, and that Section 768.28 (9) Fla. Stat. does not prevent an employee or state officer or agent from being made a party defendant in an action under Section 768.28, Fla. Stat.:

> ▌ We construe subsection (9) not to prevent a state officer, employee, or agent from being made a party defendant in an action under section 768.28. In fact, as we view the statute, both individual and joint suits are possible and, rather than providing public employees with immunity from suit, subsection (9) merely addresses the extent to which the state will be liable for their torts.

Furthermore, as the Supreme Court stated in *Talmadge* at page 703: "Our interpretation of subsection (9) also harmonizes that provision with other related statutes". See Sections 111.06, 7, Fla. Stat.

*Talmadge* holds that the statutory purposes of Section 768.28, Fla. Stat., was to indemnify employees of the State for monetary judgments entered against them as a result of the negligent acts occurring within the scope of their employment, and not as a bar against suing such employee as a party defendant. The state merely acts as an insurance carrier for the individual employee or officer. To the extent that he or she is liable, the State will be financially responsible, subject to the monetary ceilings of the act. In any event, the mere fact of financial responsibility on the part of the State does not extinguish the individual liability of the officer or employee for his negligent conduct arising from acts with the course of his employment.

## CONCLUSION

As a municipality, the City of Hollywood pursuant to its charter or

106

other legal authority purchased automobile insurance coverage. Section 286.28, Fla. Stat., paragraph 1 grants certain governmental entities the authorization to buy insurance if desired, whereas municipal corporations and towns, who maintain their own charters, act in accordance with the law and their own charters without the need for express statutory authority. When insurance is purchased, paragraph 2 of Section 286.28, Fla. Stat., comes into play, and precludes an insurance company from denying coverage up to the limits of its insurance policy. And, in accordance with the *Talmadge* holding, a state officer, employee, and agent may be made a party defendant in an action under Section 768.28, Fla. Stat., for monetary judgments entered against them due to their negligence.

Based on the foregoing arguments, this Court should deny Defendants' Motion to Limit Liability, and allow the jury to decide what damages, if any, Plaintiff is entitled for Defendants' negligence.

### ORDER DENYING DEFENDANTS' MOTION TO LIMIT LIABILITY

THIS CAUSE having come on to be heard before me on the Defendants' Motion To Limit its Liability to the Plaintiffs for any claim or judgment of one Plaintiff to $50,000 and to $100,000 for all claims or judgments arising out of the automobile accident which is the subject matter of Plaintiffs' Complaint.

After considering said Motion, having heard arguments of counsel and being otherwise fully advised in the Premises, the Court finds as follows, to wit:

1) That Section 768.28 Florida Statutes does not limit a judgment to the amounts set forth in Section 768.28 (5) as to the automobile accident claim of the Plaintiffs herein where the City of Hollywood purchased insurance coverage from the Defendant, Hartford Life and Accident Insurance Company, in excess of the limit set forth in Section 768.28 (5).

2) The Court further finds that in light of Section 768.28(10), as read in pari materia with Section 286.28, and Section 11.072, Florida Statutes that the City of Hollywood acted legally and prudently in purchasing insurance coverage with limits up to $500,000.00.

3) That it would be inequitable and arbitrary to deny or otherwise limit coverage thereby unjustly enriching the insurance company, Hartford Life and Accident Insurance Company, who received premiums and payments for said coverage.

Accordingly, it is hereby

**107**

**ORDERED AND ADJUDGED** that the Defendants' Motion To Limit Liability is hereby denied and the Defendants are subject to liability up to the $500,000.00 policy limits of the Hartford Life and Accident Insurance Company policy.