574 So.2d 1121 (1991)
FEDERAL DEPOSIT INSURANCE CORPORATION, As Liquidator of the Sunshine State Bank, Appellant,
v.
HIGH TECH MEDICAL SYSTEMS, INC., et al., Appellees.
Nos. 89-2340, 89-2907.
District Court of Appeal of Florida, Fourth District.
January 9, 1991.
Rehearing Denied March 18, 1991.
*1122 Richard Bernstein of Haley, Sinagra & Perez, P.A., Fort Lauderdale, for appellant.
Paul, Landy, Beiley & Harper, Miami, and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellees.
PER CURIAM.
In this consolidated appeal, the appellant, Federal Deposit Insurance Corporation ("FDIC"), as liquidator of the Sunshine State Bank (the "bank"), appeals the entry of two summary judgments in favor of appellee, Kaufman, Rossin & Co. ("Kaufman"). Based on the following rationale, we affirm the award of summary judgment concerning those counts alleging a cause of action based upon fraudulent and negligent misrepresentation, but reverse the summary judgment regarding appellant's claims of negligence and breach of contract.
A brief recitation of the background facts is in order. In 1985 the original plaintiff, Sunshine State Bank, loaned defendant High Tech Medical Systems, Inc. ("High Tech") the sum of $950,000 in exchange for a promissory note and security agreement. Kaufman is an accounting firm hired by High Tech to supply the bank with monthly reports regarding the amounts of High Tech's accounts receivable and inventory on hand. After closing on the loan and upon default by High Tech, the bank filed an action against Kaufman and others, seeking replevin and damages.
Originally the bank sued Kaufman only for negligence and breach of contract, contending that appellee negligently and grossly overstated the amount of accounts receivable and inventory in its reports to the detriment of the bank. The bank's breach of contract action was based on allegations that it was an intended third-party beneficiary to the contract between Kaufman and High Tech. Following the bank's declared insolvency in 1986, the FDIC was substituted as plaintiff and appellant in this action.
The trial court subsequently granted appellee's motion for summary judgment on the ground that, in the absence of privity between Kaufman and the bank, there existed no cognizable cause of action against Kaufman. The court later allowed FDIC to amend its complaint to add counts for fraudulent and negligent misrepresentation. These counts likewise became the subject of a further successful motion for summary judgment by Kaufman. It is from entry of these two summary judgments that the FDIC appeals.
Resolution of the appeal of the first summary judgment is made easy by Kaufman's confession of error based upon the supreme court's recent ruling in First Florida Bank v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990) (holding that privity is no longer required in an action against an accountant). Accordingly, we reverse the trial court's award of summary judgment as to the negligence and breach of contract counts and remand for further proceedings consistent herewith.
The gravamen of the FDIC's tort claims stems from allegations that Kaufman fraudulently induced the bank into closing on the loan based on an oral promise by appellee that it would guarantee High *1123 Tech's receivables and inventory. FDIC relies on the deposition testimony of Ricardo Corona, a former vice-president of the bank, who testified that he had conferred with Robert Stone, a partner of appellee's firm, and was assured that Kaufman would indeed certify and guarantee the monthly reports as promised. Yet, the first report of February 19, 1985, contained an express disclaimer to the effect that something less than the certification and guarantee that the bank required was being provided.
In granting summary judgment, the trial court correctly noted that without evidence of justifiable reliance there can be no actionable fraud. Mirenda v. Steinhardt, 350 So.2d 499, 501 (Fla. 4th DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978). It was the conclusion of the trial court based on those facts undisputed in the record that there was an absence of justifiable reliance as a matter of law. The trial court placed great weight on the express and unambiguous disclaimer contained in the February 19 report as well as on certain correspondence between the parties, including a letter from the bank's counsel to High Tech after the loan closing indicating that when the bank closed the loan it knew that Kaufman had not provided an independent certification or guarantee.
At oral argument there existed a dispute between the parties as to whether the deposition testimony of Ricardo Corona contained allegations that appellee, through one of its partners, had made an oral promise to certify the report after its receipt by the bank and prior to closing on the loan. If that were the case, then the propriety of summary judgment would be in doubt.
We accepted the parties' invitation to review Corona's testimony and found nothing more than what could best be described as a promise by appellee to certify future reports without regard to the February 19 report issued and relied upon at closing. Nowhere does it appear that Corona testified that appellee made any promise in connection with the figures contained in the February 19, 1985, report. FDIC concedes that the element of reliance cannot be based on reports submitted after the loan closing, all of which contained the same disclaimer as in the earlier report.
All of the above leads this court to conclude that the trial judge quite properly determined that there existed no genuine or material issue of fact regarding the absence of justifiable reliance on the part of appellant. Inasmuch as reliance is a necessary element of both the negligent misrepresentation and fraudulent misrepresentation counts, the court properly entered summary judgment as to each.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.